# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ASHLEE DRAKE,

       *Plaintiff,*

vs.

       Case No. 15-1307-EFM/KGG

OLD DOMINION FREIGHT LINE, INC.,

       *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Ashlee Drake filed this personal injury action against Defendant Old Dominion Freight Line, Inc. She claims that as a result of Defendant's negligence, she was injured. Defendant seeks dismissal of several purported claims and also requests that the Court strike several allegations from Plaintiff's Complaint. The Court finds that Plaintiff fails to include sufficient allegations on her negligent hiring and attorneys' fees claims. In addition, Plaintiff fails to provide a basis, both legally and factually, for violations of the Federal Motor Carrier Act ("MCA"),[1] 49 U.S.C. § 14701 *et seq.*, and the accompanying regulations, Federal Motor Carrier

---

[1] Defendant refers to the act as the Federal Motor Carrier Act ("FMCA") in its briefing. Although several courts do appear to use this acronym, the Court will use the acronym MCA. *See Stewart v. Mitchell Transport.*, 241 F. Supp. 2d 1216, 1219 n. 1 (D. Kan. 2002) (stating that although the plaintiffs stated that their claim arose under the Interstate Transportation Act, the court would refer to it as the MCA because it appeared that "the more widely-used name for the group of statutes at issue is the Motor Carrier Act of 1980 (as amended by the ICC Termination Act of 1995.").

Safety Regulations ("FMCSR"). Thus, the Court grants Defendant's Motion to Dismiss (Doc. 7) and dismisses these claims.

## I.   Factual and Procedural Background[2]

On March 20, 2015, Lance Arbuckle was operating a tractor-trailer in the course and scope of his employment for Defendant Old Dominion Freight Line, Inc. Arbuckle was driving southbound on U.S. Highway 81 in Sumner County, Kansas. At approximately 10:47 a.m., Arbuckle allegedly negligently operated the tractor-trailer in a fatigued state and failed to yield the right-of-way. Arbuckle made an improper left turn into a private drive. Plaintiff Ashlee Drake sustained severe personal injuries due to Defendant's alleged negligence and negligence per se.

Plaintiff filed suit on October 5, 2015. She claims that Defendant's employee operated the motor vehicle in a fatigued state and failed to be attentive or keep a proper lookout. Plaintiff includes an allegation relating to 49 U.S.C. § 14704(a)(2), which provides that a motor carrier is liable for damages resulting from violating regulations pertaining to the MCA. In addition, Plaintiff references multiple FMCSR relating to minimum duties and standards of care and claims that Defendant violated them. Plaintiff also includes an allegation of negligent hiring and supervision. Finally, Plaintiff asserts that she seeks attorney fees pursuant to K.S.A. § 66-176.[3]

Plaintiff does not specifically label any causes of action in the Complaint, with the exception of a heading stating "Allegations of Negligence and Negligence Per Se." Defendant seeks dismissal of several purported claims. These include: (1) claims for negligent hiring, negligent retention, negligent qualification, negligent supervision, and negligent training; (2) a

---

[2] The facts are taken from Plaintiff's Complaint (Doc. 1).

[3] In this specific allegation, Plaintiff wrongly named the defendant as Haliburton Energy.

claim for relief under the MCA and the FMCSR; and (3) a claim for attorneys' fees under K.S.A. § 66-176. Defendant also seeks to strike numerous allegations in the Complaint because they are allegedly immaterial and impertinent.

## II.     Legal Standard

A.  *Motion to Dismiss for Failure to State a Claim*

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim where the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[6]

Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[8]  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the

---

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* FED. R. CIV. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678-79.

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[9]

B. *Motion to Strike*

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Generally, motions to strike under Rule 12(f) are disfavored.[10] "The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[11] In addition, a Rule 12(f) motion should not be used to challenge factual support for allegations.[12] Finally, the decision on whether to strike material from a pleading lies within the court's discretion.[13]

### III. Discussion

A. *Negligent Hiring Claim*

Defendant first seeks dismissal of Plaintiff's claim of "negligent hiring, retention, qualification, supervision, and training" of Defendant's employee contained in paragraph 15(Q) of the Complaint. Defendant contends that Plaintiff fails to include any factual allegations relating to Defendant's negligence in this area. Plaintiff concedes that she has not pled sufficient facts to support such a claim. Thus, the Court dismisses this claim. To the extent that other

---

[9] *Ridge at Red Hawk,* 493 F.3d at 1177.

[10] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).

[11] *Id.* (citations omitted).

[12] *Id.* at 1216.

[13] *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003) (citing *Resolution Trust Corp. v. Scaletty*, 810 F. Supp. 1505, 1515 (D. Kan. 1992)).

allegations relate to this negligent hiring claim, they are irrelevant and the Court will disregard them.

B. *MCA and FMCSR Claim*

Defendant next seeks dismissal of any claims purportedly brought under the MCA. Plaintiff cites to a single provision of the MCA and to numerous provisions in the FMCSR.[14] Plaintiff specifically cites to 49 U.S.C. § 14704(a)(2), which provides that "[a] carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part."

Defendant contends that to the extent that Plaintiff alleges a right of recovery under the MCA, she fails to state a claim. Relying on a District of Kansas opinion, *Stewart v. Mitchell Transport*,[15] Defendant argues that there is no private right to recover personal injury damages under the MCA. In *Stewart*, the plaintiffs were injured when a tractor-trailer rear-ended them and they brought a state law negligence claim and a claim pursuant to 49 U.S.C. § 14704(a)(2).[16] Judge VanBebber found the language of 49 U.S.C. § 14704(a)(2) ambiguous and inconsistent with other language in the statute and thus looked to legislative history for guidance.[17] When looking at the legislative history, he determined that Congress was primarily concerned with commercial disputes and there was no indication that Congress intended to include personal

---

[14] The FMCSR are the regulations relating to the MCA.

[15] 241 F. Supp. 2d 1216 (D. Kan. 2002).

[16] *Id*. at 1218.

[17] *Id*. at 1219-20.

injury claims within the scope of the statute.[18]  Thus, he concluded that "[s]ection 14704(a)(2) creates a private right of action for damages in commercial disputes involving violations of the Motor Carrier Act and its regulations, but not for personal injury actions such as the one in the instant case."[19]

Plaintiff acknowledges the *Stewart* decision but disagrees with its holding.  Instead, Plaintiff relies upon an Eighth Circuit case, *Owner-Operator Independent Drivers Ass'n, Inc. v. New Prime Inc.*,[20] for the proposition that private parties may sue for damages for carrier conduct.  In *New Prime*, a class of owner-operators of truck tractors brought suit against two motor carriers alleging that their lease provisions violated the "truth-in-leasing" regulations.[21] The Eighth Circuit found that § 14704(a)(2) allowed for a private cause of action for damages related to alleged violations of the regulations.[22]  Although the Eighth Circuit concluded that § 14704(a)(2) authorized private parties to sue for damages in violation of the regulations, the Eighth Circuit did not specifically address whether a negligence or personal injury lawsuit based on the regulations could be maintained under § 14704(a)(2).[23]  Thus, this case appears inapplicable to the facts in this case.

---

[18] *Id.* at 1221.

[19] *Id.*

[20] 192 F.3d 778 (8th Cir. 1999).

[21] *Id.* at 780.

[22] *Id*. at 785.  As noted above, the regulations at issue in the case were related to truth-in-leasing regulations.  The Eighth Circuit concluded that "49 U.S.C. § 14704(a) authorizes private actions for damages and injunctive relief to remedy *at least some* violations of the Motor Carrier Act and its implementing regulations."  *Id.* (emphasis added).

[23] The Court notes that the Eighth Circuit recently stated, albeit in a footnote, that they doubted that there was a "federal private right of action for a violation of the FMCSR."  *See Harris v. FedEx National Ltl, Inc.*, 760 F.3d 780, 784 n.2 (8th Cir. 2014) (noting the District of Kansas's decision in *Stewart*).  In *Harris*, the plaintiff brought a negligence suit against a truck driver and two companies for injuries sustained in an accident. *Id*. at 782.

In addition, Judge VanBebber was aware of the Eighth Circuit case. He noted that the Eighth Circuit had determined that "§ 14704(a) authorized a private right of action for the leasing dispute at issue in the case."[24] Judge VanBebber did not reject the notion that certain private actions could be maintained under § 14704(a)(2). Indeed, he stated that "[t]he legislative history of the statute indicates that Congress did intend to create certain private rights of action in § 14704(a)(2), but not a right of action for personal injury."[25] Instead, Judge VanBebber reasoned that § 14704(a)(2) creates a private cause of action for damages in commercial disputes but not for personal injury actions.

Furthermore, the Court notes that numerous other courts have also concluded that § 14704(a)(2) does not create a private cause of action for personal injury actions. The most recent decision comes from the United States District Court for the District of New Mexico. In *Leon v. FedEx Ground Package Sys., Inc.*,[26] Judge Browning noted numerous decisions (including Judge VanBebber's decision) in which courts have found that "there is no federal private right of action allowing personal injury or wrongful death plaintiffs to hold defendants liable for violations of the FMCSR."[27] He thus concluded that "[t]he Court agrees with the majority of other courts that 49 U.S.C. § 14704(a)(2) does not create a private right of action for

---

[24] *Stewart*, 241 F. Supp. 2d at 1221.

[25] *Id.* at 1220.

[26] 2016 WL 836980 (Feb. 16, 2016).

[27] *Id.* at **11-12 (collecting cases).

personal injury and wrongful death plaintiffs."[28]  Accordingly, Judge Browning found that the plaintiff could not bring suit for alleged violations of the FMCSR.[29]

In this case, the Court finds the above cases persuasive.  Plaintiffs do not direct the Court to any persuasive authority holding that § 14704(a)(2) allows a personal injury plaintiff to maintain a private cause of action for violation of the MCA or FMCSR.  Thus, Plaintiff cannot bring a private cause of action under the MCA or FMCSR.

In addition, Plaintiff fails to provide factual support as to how Defendant allegedly violated the MCA or FMCSR.  Plaintiff cites to the MCA in paragraph 13 and the FMCSR in paragraphs 10, 11, 12, 15(K), 15(L), 15(M), 15(N), 15(O), 15(P), 15(S), and 15(T).  Plaintiff, however, fails to include any facts and instead simply states legal conclusions that Defendant violated these FMCSR.[30]  Because Plaintiff cannot bring a claim under the MCA or the FMCSR and fails to include any factual basis for a cognizable claim under these regulations, the Court dismisses these allegations from the Complaint.

C.  *Attorney's Fees Pursuant to K.S.A. § 66-176 Claim*

In paragraph seventeen of Plaintiff's Complaint, she brings a claim for attorneys' fees pursuant to K.S.A. § 66-176.  This statute provides:

> Any public utility or common carrier which violates any of the provisions of law for the regulation of public utilities or common carriers shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court. If an appeal is taken from the

---

[28] *Id*. at *13.

[29] *Id.* at *14.

[30] For example, Plaintiff states in paragraph ten, "49 C.F.R. § 390.3(e)(1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR."  There are no factual allegations in this paragraph.  In addition, factual allegations throughout the Complaint are sparse.

> judgment or any part thereof, it shall be the duty of the appellate court to include in the judgment additional reasonable attorney fees for services in the appellate court or courts.

Defendant argues that Plaintiff's claim is not viable under Kansas law because Plaintiff fails to establish a necessary prerequisite. Defendant contends that Plaintiff does not assert any specific violation of K.S.A. Chapter 66, and a violation of a statute within that chapter is a necessary prerequisite to obtain attorneys' fees under K.S.A. § 66-176.[31] Defendant alternatively argues that Plaintiff's request for attorneys' fees is a prayer for relief that cannot be granted on the basis of the allegations in the Complaint.

With regard to Defendant's contention that Plaintiff must allege a specific violation under Chapter 66 to recover attorneys' fees under K.S.A. § 66-176, Defendant relies upon *Hayes Sight & Sound, Inc. v. ONEOK, Inc.*,[32] in which the Kansas Supreme Court discusses K.S.A. § 66-176.[33] The Kansas Supreme Court noted that there was a question of whether attorneys' fees were available under § 66-176 for a common-law cause of action, such as negligence.[34] The court, however, never specifically answered the question because it noted that the defendants did not challenge the plaintiffs' request for attorneys' fees under § 66-176 on this ground.[35] Thus, there is no authoritative holding by the Kansas Supreme Court.

---

[31] Defendant also contends that the Kansas Corporation Commission ("KCC") has to make a determination that there has been a violation of its regulations under Chapter 66 before an award of attorneys' fees is possible under K.S.A. § 66-176. Because there are no allegations that the KCC made any determination, Defendant contends that Plaintiff's claim for attorneys' fees under this statute fails. The Court declines to consider this basis.

[32] 281 Kan. 1287, 136 P.3d 428 (2006).

[33] *Id*. at 1331-33, 136 P.3d at 456-57.

[34] *Id*. at 1333, 136 P.3d at 457.

[35] *Id*.

K.S.A. § 66-176, however, specifically provides that any common carrier "which violates any of *the provisions of law for the regulation of …* common carriers shall forfeit, for every offense to the person . . . aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court." Thus, the statute requires a violation of the laws regulating common carriers. Plaintiff argues that she brings a cause of action under the "provisions of law for the regulation of . . . common carriers." Plaintiff does not identify a specific violation under Chapter 66, but rather she identifies provisions of law contained in the FMSCR. As noted above, Plaintiff cannot rely upon these provisions to bring a cause of action under the MCA or the FMSCR. In any event, regardless of whether a specific violation of Chapter 66 is required or simply a violation of the provisions of law for the regulation of common carriers, Plaintiff fails to provide any factual allegations as to how Defendant violated a provision of law. Plaintiff simply states legal conclusions. Thus, Plaintiff does not state a plausible claim for attorneys' fees because she fails to allege that Defendant violated "provisions of law for the regulation of … common carriers." Accordingly, the Court dismisses Plaintiff's claim for attorneys' fees pursuant to K.S.A. § 66-176.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and/or Strike Allegations in Plaintiff's Complaint (Doc. 7) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 4th day of April, 2016.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE